UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00547-CRS

**SHERRY Z.**                                                                                                                   **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security*                                                          **DEFENDANT**

## REPORT AND RECOMMENDATION

The Commissioner of Social Security denied Sherry Z.'s[1] ("Claimant's") application for supplemental security income benefits. Claimant presently seeks judicial review of the Commissioner's denial pursuant to 42 U.S.C. § 405(g). (DN 1). Both Claimant (DN 16) and the Commissioner (DN 18) have filed a Fact and Law Summary. The District Judge referred this case to the undersigned United States Magistrate Judge for consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (DN 15).

### I. Background

Claimant has applied for supplemental security benefits on two occasions. Her first application was filed over a decade ago. (Transcript "Tr." 61-78) The Administration denied Claimant's application, and ALJ Steven A. De Monbreum determined she was not disabled and could perform her past relevant work as a self-employed childcare worker, convenience store cashier, and house cleaner. (Tr. 71).

Claimant then applied for supplemental security income benefits again on January 26, 2017, alleging disability beginning on December 31, 2005 as a result of imbalances, headaches,

---

[1] Pursuant to the Western District of Kentucky's General Order No. 22-05, any non-government party in a 42 U.S.C. 405(g) case will be identified and referenced solely by first name and last initial in opinions issued.

numbness in her hands, and head injuries. (Tr. 174, 206). The Social Security Administration denied her application initially and again on reconsideration based on a lack of medical evidence regarding her conditions. (Tr. 112, 119). At Claimant's request, Administrative Law Judge Renee Andrews-Turner ("the ALJ") conducted a hearing in Louisville, Kentucky, on January 27, 2020. (Tr. 28). Claimant appeared in person at the hearing and waived her right to representation. (Tr. 29-30). An impartial vocational expert also appeared and participated in the hearing. (*Id.*).

During the hearing, Claimant testified to the following. Claimant has her GED, some college, and graduated from trade school in carpentry, welding, and electricity. (Tr. 49). She previously ran an in-home daycare, but by 2005 she had surgery and became unable to work. (Tr. 50). During that time, Child Protective Services intervened and "help[ed]" Claimant with her four children. (Tr. 51). She does not have a driver's license because she is legally blind in one eye. (Tr. 52). She smokes a half pack of cigarettes per day. (*Id.*).

Claimant's headaches have improved since 2012. (Tr. 35). Her hypertension and blood pressure has gone down, but she does not get energy to her nerves to allow her body to properly function. (Tr. 36). Claimant says she "live[s] fatigued and tired" and is "completely exhausted all the time." (Tr. 47). In 2016, she had a CAT scan done in Indianapolis and more recently had a head X-ray in Louisville. (Tr. 37). She gets frequent infections in her ears, teeth, nerves going to her eyes, and down her spine. (Tr. 38). She experiences numbness in her hands every day and the numbness in her legs differs depending on the day. (Tr. 41).

Claimant states her conditions have improved since she is now renting a room and no longer living on the streets or in shelters. (Tr. 40). Calling herself very independent, Claimant testified she can dress and bathe herself, take the trash out, clean dishes, and cook. (Tr. 42, 45). On a "good day," Claimant estimates she can walk a half mile very slowly and with taking breaks.

(Tr. 47). If she has extra energy after she takes care of herself, she tries to read, listen to music, and watch TV. (Tr. 48).

The ALJ issued an unfavorable decision on April 22, 2020. (Tr. 15-20). Pursuant to AR 98-3(6) and 98-4, the ALJ indicated that she was not adopting the residual functional capacity or the claimant's past relevant work from the prior administrative decision issued on August 30, 2012 because new and material evidence provided a basis for different findings. (Tr. 16). The ALJ then proceeded to evaluate Claimant's claim under the five-step sequential evaluation process promulgated by the Commissioner. (Tr. 16, citing 20 C.F.R § 416920(a)). At the first step, the ALJ determined Claimant has not engaged in substantial gainful activity since October 24, 2017, her application date. (Tr. 18). At Step Two, the ALJ found Claimant had the following medically determinable impairments: bilateral myopia, hypertension, and degenerative disc disease. (*Id.*). But the ALJ then explained Claimant did not have an impairment or combination of impairments that has significantly limited, or is expected to significantly limit, her ability to perform basic work-related activities for 12 consecutive months. (*Id.*). Accordingly, the ALJ found Claimant did not have a severe impairment or combination of impairments, as required to proceed beyond Step Two. (*Id.*). The ALJ then ended her analysis, concluding Claimant had not been under a disability as defined in the Social Security Act, since October 24, 2017, her application date. (Tr. 20).

Claimant administratively appealed the ALJ's decision. (Tr. 163-73). The Appeals Council declined review, finding no basis for changing the ALJ's decision. (Tr. 1). At that point, the ALJ's denial became the final decision of the Commissioner, and Claimant appealed to this Court. (DN 1).

II. Standard of Review

Administrative Law Judges make determinations as to social security disability by undertaking the five-step sequential evaluation process mandated by the regulations. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); 20 C.F.R. §§ 404.1520(b), 416.920(b). Throughout this process, the claimant bears the overall burden of establishing they are disabled; however, the Commissioner bears the burden of establishing the claimant can perform other work existing in significant numbers in the national economy. *Id.* at 804 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

III. Analysis

Claimant's *pro se* filing requests the Court review all medical records and "each allegation in this whole case from 2003 to the present. (DN 16-1, at PageID # 675). She asks the Court to "move forward with her case" and to "settle this matter." (*Id.* at PageID # 676). Though Claimant notes "a physical mental emotional chemical test," it is unclear whether she is referencing such testing or requesting such testing. (*Id.* at PageID # 677).

The Commissioner points out that Claimant fails to challenge any of the ALJ's specific findings and, instead, merely mentions that the ALJ had her imaging results and other medical evidence. (DN 18, at PageID # 692-93). Because the ALJ's decision was well supported and articulated, the Commissioner argues Claimant fails to meet her burden of proving the relevant medical and other evidence establishes her disability, as required by 20 C.F.R. § 404.1512(a). (*Id.* at PageID # 694). The Commissioner asserts the Court should affirm the ALJ's decision since substantial evidence supports her findings. (*Id.* at PageID # 696).

Though *pro se* claims are to be construed liberally, *see* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the lenient treatment generally accorded to *pro se* litigants has limits, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* claimants are still subject to waiver if they merely advert to an issue in a "perfunctory manner, unaccompanied by some effort at developed argumentation[.]" *Ashley U. v. Comm'r of Soc. Sec.*, 2023 WL 4440283, at *4 (W.D. Ky. July 10, 2023) (quoting *United States v. Layne,* 192 F.3d 556, 566-67 (6th Cir. 1999) (add'l citations omitted)); *see Geboy v. Brigano*, 489 F.3d 752, 767 (6th Cir. 2007). And the Court is not required to make arguments a claimant fails to advance or to "conjure up facts to support conclusory allegations." *Perry v. United Parcel Serv.*, 90 F. App'x 860, 861 (6th Cir. 2004) (citation omitted).

5

Even construing Claimant's *pro se* brief liberally, she has not presented any reviewable claim. As noted above, under § 405(g), the Court does not review the evidence *de novo*, which is what Claimant seems to be seeking. Nor do any of Claimant's other assertions constitute developed argumentation that sufficiently alerts the Court to the nature of her arguments. The Court, accordingly, deems Claimant's claims waived.

Yet even if Claimant had presented a reviewable claim or claims, they would not have succeeded because the ALJ's decision is supported by substantial evidence in the record and complies with the applicable regulations. The severity regulation at Step Two allows the Commissioner to screen out entire claims where a claimant's alleged impairment or combination of impairments imposes no significant work-related limitations. *See Farris v. Dept. of Health & Human Servs.*, 774 F.2d 85, 89 (6th Cir. 1985). Again, the ALJ here found Claimant had three medically determinable impairments, but that these impairments neither singly nor in combination constituted severe impairments that would significantly limit her ability to perform basic work activities. (Tr. 18). In making this determination, the ALJ considered the longitudinal evidence of record. (Tr. 18-20).

Specifically, the ALJ recounted Claimant's subjective statements, including her testimony from the administrative hearing and the information provided in her Adult Function Report. (Tr. 19). The ALJ found that while her medically determinable impairments could reasonably be expected to produce the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent. (*Id.*). In assessing the objective medical evidence of record, the ALJ referred to evidence both favorable and unfavorable to the Claimant's disability claim.

Specifically, the ALJ considered the following objective evidence. Scans of Claimant's spine in May of 2017 revealed minimal degenerative changes without significant stenosis at the cervical or thoracic levels. (Tr. 20 (citing Tr. 401, 568-67)). Claimant's brain MRI around the same time revealed no restrictive diffusion suggestive of acute ischemia or infarction and a duplex scan found no evidence of acute deep vein thrombosis. (*Id.* (citing Tr. 440-41; Tr. 443-44)). Though seen for dry eye syndrome and low myopia in both eyes, eye exam in December of 2017 revealed no disc edema, clear vitreous, normal macular, normal anterior chamber, and clear lens. (*Id.* (citing Tr. 545-46)). She presented with high blood pressure in March of 2018 but was not taking any blood pressure medication at the time. (*Id.* (citing Tr. 486-89)). Physical exams in March of 2018 revealed normal cranial nerves, normal motor strength, normal gait and stance, orientation, no involuntary movements, and no acute distress. (*Id.* (citing Tr. 470-71, 486-88)). An updated x-ray taken in September 2018 once again showed normal cervical spine and unremarkable facial radiographs. (*Id.* (citing Tr. 508, 530). Finally, although she underwent tooth removal and suffers from ear tube dysfunction, her cranial nerves were found to be intact bilaterally and cardio-respiratory findings were normal on exam. (*Id.* (citing Tr. 532; Tr. 541-42)). Ultimately, longitudinal evidence supported that Claimant's bilateral myopia, hypertension, and degenerative disc disease not significantly limiting her ability to perform basic work activities.

Because the ALJ thoroughly considered the evidence of record, nearly all of which supports his determination that Claimant's impairments did not significantly limit her ability to perform basic work activities, the Commissioner's decision should be affirmed.

IV. Recommendation

Because Claimant fails to submit a reviewable claim pursuant to §405(g), and because the ALJ's decision is otherwise supported by substantial evidence and complies with applicable law, the Court **RECOMMENDS** the Commissioner's decision be **AFFIRMED**.

NOTICE

Therefore, under the provisions of 28 U.S.C. " 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:      Counsel of Record
             Plaintiff, *pro se*