UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22-CV-00547-CRS

S. ZIPP                                                                    PLAINTIFF

v.

KILOLO KIJAKAZI,                                                          DEFENDANT
Acting Commissioner of
  Social Security

**ORDER**

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (DN 22). This matter is also before the Court because Magistrate Judge Edwards has filed her Report and Recommendation (DN 21) and no objections have been filed.

As grounds for her Motion, Plaintiff states that she is "requesting a Lawyer in matter cause this is a department where the people pay into where IRS matches and their workplaces. So if we can not come to agreement want Jury Trail [sic] in the rights of the people furture [sic] of the process." DN 22 at PageID# 713. Plaintiff does not advance any additional grounds. The Court has reviewed the Motion and finds that Plaintiff is not entitled to the appointment of counsel.

There is no constitutional right to the appointment of counsel in a civil case unless there are exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). To determine whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Id.* (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). The Sixth Circuit has also stated that "the district courts, in considering an application for appointment of counsel, should at least consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit." *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985).

Here, Plaintiff asserts that she deserves counsel because Social Security benefits are funded by federal taxes and, thus, her cause is the people's cause. Motion, DN 22 at PageID# 713. That argument misses the mark. *Lavado*, 992 F.2d at 60506. Plaintiff represents no one but herself in this case. Notably, Plaintiff does not assert that she cannot afford an attorney or that she has tried to engage an attorney without success. Instead, Plaintiff seeks appointment in anticipation of a trial. But, there are no trials in Social Security appeals. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994) (federal court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility").

Moreover, Plaintiff's case does not have merit. On December 28, 2023, Magistrate Judge Edwards filed her Report and Recommendation in this matter (DN 21).That Report warned Plaintiff that she needed to object "[w]ithin fourteen (14) days after being served with a copy and if she failed to timely file, "further appeal is waived." DN 21 at PageID# 712. More than 14 days have passed, and Plaintiff has not filed any objections. Plaintiff has waived further appeal. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (pro se litigants must follow clear deadlines).

For the foregoing reasons, Plaintiff's Motion to Appoint Counsel (DN 22) is **DENIED.** Also, there being no objections thereto, the magistrate judge's Findings of Fact, Conclusions of Law and Recommendation (DN 21) are hereby **ACCEPTED AND ADOPTED IN THEIR ENTIRETY** and incorporated by reference herein. The Court will enter a separate judgment affirming the denial of supplement security income benefits to this plaintiff. **IT IS SO ORDERED**.

January 24, 2024

**Charles R. Simpson III, Senior Judge**
**United States District Court**

2